**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: <br><br> Jonathan Scott Sandifer, <br><br> Debtor <br><br> AMG Trust, Grayson Consulting, Inc., and Alan Grayson <br><br> Plaintiffs, <br><br> v. <br><br> Jonathan Scott Sandifer, <br><br> Defendant. | Chapter 7 <br><br> Case No. 14-01657-dd <br> District Court Case No. 2:15-cv-351-RMG-MGB <br><br><br><br> Adv. Proc. No. 14-80076-dd <br><br><br> **MOTION TO WITHDRAW THE REFERENCE** |

**RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE**

Grayson Consulting, Inc, AMG Trust, and Alan Grayson ("Movant") hereby move this Court to withdraw the reference from the Bankruptcy Court and have the above captioned case tried before the South Carolina District Court ("Motion"), on the following grounds:

**PROCEDURAL HISTORY**

1. Movants are the Plaintiffs in the above captioned Adversary Case ("Adversary"), and are moving pursuant to 28 U.S.C. §157 and SC LBR 5011-1 to withdraw the reference and have the Adversary trial conducted by the US Federal District Court for the District of South Carolina.

2. The Adversary seeks to except certain debts from discharge pursuant to 11 U.S.C. § 523 (a) (2), (4), (6), and (19).

3. The instant proceeding is an action for damages relating to a ponzi scheme. Many of the operative facts relate to state law securities issues, conversion, and other

1

causes of action sounding in fraud.

4. Movant, by way of the Complaint [DKT 1], has requested a jury trial for the claims that are legal in nature. During the status conference Movant informed the Bankruptcy Court that it did not consent to the Bankruptcy Court conducting the jury trial. Such consent is required under 28 U.S.C. §157(e).

5. A Scheduling Order was entered by the Bankruptcy Court on September 24, 2014 which set certain deadlines for the Adversary.

6. Movant believes that the only remaining issue to be addressed, besides this Motion, is for a trial to be conducted.

7. Prior to the Debtor's bankruptcy, Movant was involved in extensive litigation with the Debtor in the District Court before Judge Norton. The litigation before Judge Norton was about to go trial when it was stayed by the Debtor's bankruptcy. The litigation involved the matters complained of in Movant's Adversary.

## JURISDICTION

8. 28 U.S.C. § 157(e) governs the a Bankruptcy Judge's ability to hear a jury trial, the relevant language states "the bankruptcy judge may conduct [a] jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all parties*." (emphasis added).

9. 11 U.S.C. §157(c) governs "non-core" issues that are related to a bankruptcy.

10. 11 U.S.C. §157(d) governs the removal to a district court judge for cause (permissive withdrawal) or for mandatory withdrawal if consideration of certain other federal statutes is necessary.

## ARGUMENT

I.   **Mandatory Withdrawal**
  A.  **11 U.S.C. §157(d)**

11. 11 U.S.C. §157(d) requires that causes of action requiring interpretation of a federal statute, other than chapter 11 bankruptcy matters, to be heard by a district court judge.

12. Movant does not believe that any such questions exist in the Adversary.

2

II.    **Discretionary withdrawal**

13.   A District Court may withdraw the reference upon the express finding of cause.

14. Cause should be found when the withdrawal: (1) will promote uniformity of bankruptcy administration; (2) will reduce forum shopping and confusion; (3) will foster the economical use of debtors' and creditors' resources; (4) will expedite the bankruptcy process; and (5) whether a right to jury trial, triable only in the district court, exists. 9-5011 Collier on Bankruptcy P 5011.01.

A.   **Cause Exists Because a Jury Trial is Requested and Consent to Conduct Trial in the Bankruptcy Court is Withheld**

15. Movant asserts that the lack of consent is cause for the District Court to withdraw the reference and hear the Adversary matters.

16. 11 U.S.C. § 157(e) states that "the bankruptcy judge may conduct [a] jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all parties*."

*17*. Courts have generally found that the lack of consent by any party to the Bankruptcy Court conducting the jury Trial is "cause" for the withdrawal of the reference to the District Court. *See generally In re Globe Parcel Service, Inc. (1987, ED Pa) 71 BR 323; In re American Community Services, Inc. (1988, DC Utah) 86 BR 681; City Fire Equip. Co. v Ansul Fire Protection Wormald U.S. (1989, ND Ala) 125 BR 645; In re Novak (1990, ND Ill) 116 BR 626.*

18. Pursuant to Judge Duncan's Chamber Guidelines, Movant hereby informs the Court that in the Adversary Complaint it requested a jury trial, and Movant further hereby notifies the Court that it does not consent to the Bankruptcy Court conducting a jury trial.

19. Movant believes that all dispositive motions and discovery have been concluded and is therefore ready to proceed to trial.

B.   **Cause Exists Because Conducting the Trial in the District Court Would Promote Judicial Economy and Conserve Resources**

20.  Movant believes that such matters would be more efficiently conducted by the District Court because the District Court is already intimately familiar with the facts of this case.

21. The District Court regularly conducts jury trials and will be able to more

3

efficiently and quickly conduct such trial.

22. Further as detailed below several of the nine causes of are "non-core" matters which Movant believes must be adjudicated by an article III judge.

23. Movant believes that splitting these matters between the District Court and the Bankruptcy Court would lead to confusion, delay, would not be an economical use of Movant's resources, or the Debtor's resources.

24. Because these matters must be tried, or reviewed by an Article III judge, and for all of the above mentioned reasons, Movant asserts that having the Adversary matters conducted by the District Court would promote judicial economy.

### III.   Non-Core Matters

25. Movant asserts that several of the causes of action listed in the Complaint are "non-core" causes of action which not related to the bankruptcy and must be heard by a Judge appointed under Article III of the Constitution. See *Stern v. Marshall*, 564 U.S. 2 (2011).

26. The non-exhaustive list of "core" causes of action are enumerated in 28 U.S.C. § 157(b)(2) and include:

> **(A)**   matters concerning the administration of the estate;
>
> **(B)**   allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> **(C)**   counterclaims by the estate against persons filing claims against the estate;
>
> **(D)**   orders in respect to obtaining credit;
>
> **(E)**   orders to turn over property of the estate;
>
> **(F)**   proceedings to determine, avoid, or recover preferences;
>
> **(G)**   motions to terminate, annul, or modify the automatic stay;
>
> **(H)**   proceedings to determine, avoid, or recover fraudulent conveyances;

**(I)**     determinations as to the dischargeability of particular debts;

**(J)**     objections to discharges;

**(K)**     determinations of the validity, extent, or priority of liens;

**(L)**     confirmations of plans;

**(M)**    orders approving the use or lease of property, including the use of cash collateral;

**(N)**     orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

**(O)**     other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

**(P)**     recognition of foreign proceedings and other matters under chapter 15 of title 11.

27. While the majority of the causes of action in the Adversary are to determine the dischargeablity of debt, the Debtor's actual liability has not been determined. This must occur before determining if the debt is dischargeable.

28. These non-core issues include the determination of liability under South Carolina Securities laws, Unfair Trade Practices, and RICO claims.

29. Because these causes of action are of the type that the Supreme Court has determined must be heard by Article III judge. See *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475, 2011 U.S. LEXIS 4791.

30. Further, Movant is seeking to have its claims deemed non-dischargeable under 11 U.S.C.§ 523(a)(19) (hereinafter "(a)(19)").

31. Subsection (a)(19)renders claims for violations of both federal and state securities laws, non-dischargeable if such claims are proven to be valid.

32. Subsection (a)(19) was amended in 2005 Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to address concerns that securities violators were filing bankruptcy prior to a judgment to avoid a debt that would otherwise be non-dischargeable had it reached a judgment.

33. This amendment created a split in the bankruptcy courts as to whether (a)(19)'s amended language allows a bankruptcy court to render its own determination of liability or whether the liability determination must still be made outside of the bankruptcy court.

34. In Voss v. Pujdak (In re Pujdak), 462 B.R. 560, 574; 2011 Bankr. LEXIS 2454 (Bankr. D.S.C. 2011) the South Carolina Bankruptcy Court was persuaded by the reasoning in Nusse v Jafari, (In re Jafari), 401 B.R. 495, 499 (Bankr. D. Col. 2009) ("If the Court were to interpret [the amending] language broadly enough to allow the bankruptcy court's own order to satisfy the [Subsection A] requirement, then it would essentially read the Subsection B requirement out of the statute.").

35. The South Carolina Court ruled that a determination of non-dischargeablity is made when a judgment is rendered for violation of a securities law "has been made outside of the bankruptcy court." Pujdak, 462 B.R. at 574.

36. Because the decision under (a)(19) must be made by a court other than the Bankruptcy Court, cause exists for the withdrawal of the reference to hear Movant's (a)(19) claims in the District Court.

**IV.     Judicial Economy**

37. Movant asserts that cause exists to withdraw the reference to the District Court.

38. It is possible that these matters could be bifurcated so the non-core and (a)(19) matters determined by the District Court, and later a second trial would be conducted on the 'core' non-dischargeablity claims.

39. Movant asserts conducting two trials would not promote judicial economy and would place a substantial burden on both Movant, and the Debtor, who is *pro se*.

40. Movant asserts that conducting one trial before the District Court would be the most efficient use of judicial resources.

41. Movant further asserts that conducting a trial before Judge Norton, would further promote judicial economy, as Judge Norton previously presided over the federal action Movant filed against the Debtor before his bankruptcy. The Adversary asserts those same facts and causes of action that were before Judge Norton. After the Debtor filed for bankruptcy Judge Norton presided over Movant's litigation against other non-debtor defendants and is familiar with the facts of this litigation.

WHEREFORE, Movant respectfully requests that after such notice and hearing as

this Court deems appropriate, that the Court forward Movant's Motion to the District Court, and to award any additional relief as the Court may deem proper.

                                                  **Markham Law Firm, LLC**

Date of Service: December 23, 2014        /s/Sean Markham
                                                  Sean Markham, I.D. # 10145
                                                  P.O. Box 20074
                                                  Charleston, SC 29413-0074
                                                  Tel: 843-284-3646
                                                  Fax: 843-637-7499
                                                  sean@markhamlawsc.com
                                                  *Local Counsel for AMG Trust,*
                                                  *Grayson Consulting, Inc.,*
                                                  *and Alan Grayson*

                                                  Tucker H. Byrd, Esq.
                                                  *Admitted Pro Hac Vice*
                                                  Tucker H. Byrd & Associates, P.A.
                                                  180 Park Avenue North, Suite 2A
                                                  Winter Park, Florida 32789
                                                  Phone: (407) 749-0777
                                                  Fax:     (407) 392-2286
                                                  Email:  TByrd@ByrdTrialGroup.com
                                                  *Lead Counsel for AMG Trust,*
                                                  *Grayson Consulting, Inc.,*
                                                  *and Alan Grayson*